IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL HALEBIAN & CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> HARLEYSVILLE WORCESTER INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. _____ <br><br> ELECTRONICALLY FILED <br><br> **NOTICE OF REMOVAL** <br><br> **Removed from the Superior Court of New Jersey, Law Division, Bergen County** |

To:   Clerk of the Court
      United States District Court, District of New Jersey
      Martin Luther King Building & U.S. Courthouse
      50 Walnut Street
      Newark, NJ 07102

With Notice To:

   Clerk of the Superior Court, Law Division
   Superior Court of New Jersey, Bergen County
   Bergen County Justice Center
   10 Main Street
   Hackensack, NJ 07601

   Sandy G. Moscaritolo, Esq.
   S. Gregory Moscaritolo, LLC
   70 Grand Avenue, Suite 100
   River Edge, NJ 07661

   **PLEASE TAKE NOTICE** that Defendant, Harleysville Worcester Company ("HWIC"), hereby removes this action from the Superior Court of New Jersey, Law Division, Bergen County to the United States District Court, District of New Jersey pursuant to 28

U.S.C. §§ 1331, 1332, 1441, and 1446, with full reservation of any and all of its rights, defenses, and objections, and states as follows:

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

1. On July 22, 2021, Plaintiff Michael Halebian & Co., Inc. ("Plaintiff") commenced an action in the Superior Court of New Jersey, Law Division, Bergen County, by filing a Complaint styled: Michael Halebian & Co., Inc. v. Harleysville Worcester Insurance Company, Docket No. L-4896-21. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. On February 5, 2022, the court dismissed the action for lack of prosecution after Plaintiff failed to serve HWIC with the summons and complaint.

3. On June 3, 2022, Plaintiff served its summons and complaint upon HWIC, and on June 14, 2022, Plaintiff filed a motion to reinstate the action.

4. HWIC issued a commercial general liability policy to Plaintiff, a distributor of flooring materials and supplies, with policy limits of $1,000,000 per occurrence ("the Policy").

5. On or about May 7, 2019, Plaintiff requested coverage from HWIC for a customer claim related to flooring tiles that did not conform to the order.

6. HWIC denied coverage for the claim by letter dated July 23, 2019.

7. Plaintiff's Complaint against HWIC seeks a declaration as to the rights and obligations of the parties under the Policy and asserts that HWIC's denial of coverage was in breach of the insurance contract and the duty of good faith and fair dealing.

**GROUNDS FOR REMOVAL**

8. This action is removable because the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. There is Complete Diversity of Citizenship Between the Parties.**

9. Plaintiff is incorporated in the State of New Jersey with its principal place of business in Carlstadt, New Jersey.

10. HWIC is a corporation organized under the laws of the State of Ohio with its principal place of business in Ohio.

11. There are no other parties to this matter.

12. Thus, there is complete diversity of citizenship between the Plaintiff and the Defendant, and the requirements of 28 U.S.C. § 1332(a) are satisfied.

**B. The Amount-In-Controversy Requirement Is Satisfied**

13. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs."

14. This Court first looks to the complaint to assess the damages demanded by the plaintiff. Russ v. Unum Life Ins. Co., 442 F.Supp.2d 193, 197 (D.N.J. 2006). The amount in controversy is determined "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of rights being litigated." Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (citations omitted).

15. Here, the Complaint seeks a declaration that HWIC is liable for failure to provide liability coverage to Plaintiff for the customer claim against it.

16. The customer claimed approximately $300,000 in labor costs to remove and replace the nonconforming tiles supplied by Plaintiff.

17. The Complaint also seeks a recovery for damages related to the allegations of bad faith, including counsel fees.

18. Thus, the potential damages at issue in this matter satisfy the requirement of 28 U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000. See Lumico Life Ins. Co. v. Marks, No. 2:10-cv-18968, 2021 WL 1783283, at *2 (D.N.J. May 5, 2021) ("In an insurance coverage declaration action, courts look to the value of the insurance policy and the damages alleged in the underlying case to determine whether the jurisdictional amount in controversy has been met." (citation and quotations omitted)).

## HWIC SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1441 *ET SEQ.*

19. Because this Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332, the Complaint is removable pursuant to 28 U.S.C. § 1441.

20. Removal to this Court is appropriate because the Superior Court of New Jersey, Bergen County, is located within the District of New Jersey.

21. Removal is timely pursuant to 28 U.S.C. § 1446(b)(2)(B), in that this Notice is being filed within thirty (30) days of service of the Summons and Complaint on HWIC.

22. No previous Notice of Removal has been filed or made to this Court for the relief sought herein.

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of New Jersey, Law Division, Bergen County as well as being served on Plaintiff's Counsel.

## **NON-WAIVER OF DEFENSES**

24. By removing this action from New Jersey Superior Court, HWIC does not waive any defenses available to it.

25. By removing this action from New Jersey Superior Court, HWIC does not admit any of the allegations in the Plaintiff's Complaint.

**WHEREFORE**, HWIC respectfully requests that this matter be removed from the Superior Court of New Jersey, Bergen County to the United States District Court for the District of New Jersey.

Respectfully submitted,

**RIKER DANZIG LLP**
Attorneys for Defendant,
Harleysville Insurance Company

By: ___/s/ *Lance J. Kalik*___
      Lance J. Kalik

Dated: July 2, 2022

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Lance J. Kalik, Esq., of full age, hereby certifies in accordance with Local Civil Rule 11.2 that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, except for the state court action being removed to this Court. I am further presently aware of the names of no other parties that should be joined in this action.

I certify that the foregoing statements made by me are true. I further certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**RIKER DANZIG LLP**
Attorneys for Defendant,
Harleysville Insurance Company

By:   /s/ *Lance J. Kalik*
         Lance J. Kalik

Dated: July 2, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true copy of Defendant Harleysville Worcester Insurance Company's Notice of Removal, Rule 7.1 Corporate Disclosure Statement, Civil Cover Sheet, and this Certificate of Service to be filed *via* ECF and that I caused a true copy of the foregoing documents to be sent to counsel of record for plaintiff, Michael Halebian & Co., Inc., electronically via e-Courts and e-mail.

With a copy electronically filed via e-Courts:

Clerk of the Superior Court, Law Division
Superior Court of New Jersey, Bergen County
Bergen County Justice Center
10 Main Street
Hackensack, NJ 07601

I certify under penalty of perjury that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ *Lance J. Kalik*
Lance J. Kalik

Dated: July 2, 2022