# EXHIBIT A

S. GREGORY MOSCARITOLO, LLC   (ID#029511987)
70 Grand Avenue, Suite 100
River Edge, New Jersey 07661
201-250-8228
Attorney for Plaintiff(s)

| Plaintiff(s) | SUPERIOR COURT OF NEW JERSEY |
| --- | --- |
| | LAW DIVISION: BERGEN COUNTY |
| MICHAEL HALEBIAN & CO., INC | |
| Vs. | DOCKET NO.: BER-L-004896-21 |
| Defendant(s) | CIVIL ACTION |
| HARLEYSVILLE WORCESTER INSURANCE COMPANY | SUMMONS |

From the State of New Jersey

To The Defendant(s) Named Above: **NATIONWIDE AKA HARLEYSVILLE WORCESTER INSURANCE COMPANY**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within **35 days** from the date you received this summons, not counting the date you received it. (The address of each deputy clerk is provided.) A $175.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Michelle M. Smith*
MICHELLE M. SMITH

Dated: December 15, 2020                    Clerk of the Superior Court

| Name of Defendant to be Served: | NATIONWIDE AKA HARLEYSVILLE WORCESTER INSURANCE COMPANY |
| --- | --- |
| Address of Defendant to be Served: | ONE NATIONWIDE BLVD, COLUMBUS OH, 43215- 2220 |



S. GREGORY MOSCARITOLO, LLC  (ID#029511987)
70 Grand Avenue, Suite 100
River Edge, New Jersey 07661
201-250-8228
Attorney for Plaintiff(s)

| | |
|---|---|
| MICHAEL HALEBIAN & CO., INC. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY |
| Plaintiff | Docket No: BER-L-004896-21 |
| -vs- | Civil Action |
| HARLEYSVILLE WORCESTER<br>INSURANCE COMPANY | COMPLAINT AND JURY DEMAND<br>DESIGNATION OF TRIAL COUNSEL,<br>DEMAND FOR INTERROGATORIES<br>DEMAND FOR PRODUCTION OF<br>DOCUMENTS |
| Defendant | |

## ALLEGATIONS AS TO ALL COUNTS

1. Defendant Harleysville Worcester Insurance Company, (hereinafter "Harleysville") is an insurance company authorized to issue general liability, product liability and commercial insurance in the State of New Jersey.

2. Plaintiff, Michael Halebian & Company, Inc. (hereafter "Halebian") is a distributor of flooring materials and supplies with offices in Carlstadt, New Jersey.

3. Prior to January 10, 2019, in consideration of premiums by or on behalf of plaintiff, defendant Harleysville Worcester Insurance Company issued a policy of general commercial liability and product liability insurance to the plaintiff, Michael Halebian

& Co., Inc. The policy number # MPA00000083262X was renewed annually.

## FIRST COUNT

4. On or about May 7, 2019 the plaintiff, Michael Halebian & Co., Inc. (hereinafter "Halebian") provided notice of a claim received from a customer, Architectural Flooring Resources against Halebian to its general liability insurer, Harleysville Worcester Insurance Company.

5. The claim against Halebian sought money damages and alleged a cause of civil action against the plaintiff for product liability, breach of implied warranty and negligence.

6. Plaintiff Halebian provided timely notice of the claim to defendant Harleysville and sought coverage, defense and/or indemnification under the terms of its policy.

7. On or about July 23, 2019 defendant acknowledge receipt of the claim under claim #968724-GI.

8. On that day, Harleysville prepared and sent a Declination of Coverage letter to Halebian refusing and failing to defend and indemnify plaintiff against the claim.

9. In denying coverage, Defendant Harleysville Worcester, through its agents, representatives and/or employees, breached its contract of insurance and refused to provide defense and/or indemnification under the terms of its policy with the plaintiff.

2

10. As a direct result of defendant's breach of the policy of insurance Plaintiff is entitled to an order for the following relief:

**WHEREFORE**, plaintiff requests that this Court grant the following relief:

A. Adjudge, determine and declare that the defendants are jointly and severally liable to plaintiff for failure to provide liability coverage, defense and/or indemnification of all third party claims brought against plaintiff and that plaintiff has the right to full recovery under any applicable policy of insurance.

B. Adjudge, determine and declare that the defendant is liable to pay and indemnify plaintiff for all damages, costs and payments incurred or to be incurred with respect to the all first party and third party claims in excess of their underlying limits or for which they are otherwise liable and that plaintiff has the right to full recovery under any applicable policy of insurance.

C. Adjudge, determine and declare that plaintiff is entitled to costs and disbursements of this action, including but not limited to reasonable attorneys' fees, and pre and post judgment interest.

D. Any further relief as the court may deem proper.

**COUNT TWO**

11. Plaintiff repeats and re-alleges all of the allegations contained in the First Count as if fully set forth herein.

3

12. The defendants violated a duty to the plaintiff by:

   a. Failing to conduct a reasonable investigation to confirm coverage;

   b. Failing to confirm and/or deny coverage within a reasonable amount of time after being notified of the claim;

   c. Failing to reasonably adjust the loss within policy limits thereby leading to additional consequential damages;

   d. Failing to act in good faith and with fair dealing by refusing to defend and indemnify the plaintiff in wanton disregard for plaintiff's rights.

13. Defendants are guilty of violating the Unfair Claim Settlement Practices Act.

Wherefore, plaintiff requests that this Court grant judgment on this Count against the defendants for compensatory and punitive damages for bad faith, statutory surcharges, counsel fees and disbursements.

### THIRD COUNT

14. All of the allegations of the First and Second Counts of this Complaint are hereby repeated and made a part of this Count.

15. As a result of defendant Harleysville Worcester's failure to honor its statutory duties and contractual obligations to the insured, plaintiff has been damaged in its credit and financial reputation, has had to incur significant legal expenses, mediation fees, defense costs, fees for legal disbursements such as expert witnesses, filing fees and costs of suit in defending

4

the third party claims against Halebian and in seeking judicial relief.

**WHEREFORE**, plaintiff hereby demands judgment on this Count against the defendant for counsel fees and disbursements, including expert witness fees.

## CERTIFICATION

I certify, pursuant to Rule 4:5-1, that to the best of my knowledge, information and belief at this time, the underlying matter in controversy is not related to any other action pending in any other court nor of any pending arbitration proceeding, that no other action or arbitration is contemplated, and further that there are not other parties who should be joined in this action.

By: _____
S. GREGORY MOSCARITOLO, ESQ.

## JURY DEMAND

The Plaintiff in the above entitled cause of action hereby demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is

5

advised that S. Gregory Moscaritolo is hereby designated as trial counsel on behalf of the Plaintiff.

### NOTICE TO TAKE ORAL DEPOSITIONS

**PLEASE TAKE NOTICE** that in accordance with Rules of Civil Practice and Procedure, the testimony of the defendant, **HARLEYSVILLE WORCESTER INSURANCE COMPANY** and/or persons from its claims and underwriting departments having the most relevant knowledge in signing answers to interrogatories on behalf of the defendants, including but not necessarily limited to **Cynthia Kilts, Claim Representative**, will be taken by deposition upon oral examination before a person selected by Plaintiff authorized by the laws of the State of New Jersey to administer oaths on **October 1, 2021, at 10:00 a.m.**, at the law offices of **S. GREGORY MOSCARITOLO, L.L.C.**, 70 Grand Avenue, Suite 100, River Edge, New Jersey, with respect to all matters relevant to the subject matter involved in this action.

By: _____
S. GREGORY MOSCARITOLO, ESQ.

### DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(ii), Plaintiff hereby demands that, in

6

lieu of service of interrogatories, Defendants, each provide answers to the uniform interrogatories set forth in Form C and C(2) of Appendix II. Pursuant to R.4:17-4(b), Defendant shall serve answers upon Plaintiff within sixty (60) days from the date of receipt of this Demand. Pursuant to R. 4:17-1(b)(i), Plaintiff reserves the right to propound supplemental interrogatories.

## INSTRUCTIONS AND DEFINITIONS

1. "You," "Your" or "Defendant' as used herein refers to Harleysville Worcester Insurance, its representatives, agents, assignees, independent contractors, attorneys, investigators or any other person acting on his behalf.

2. The term "Document" or "Documents" as used herein refers to any writing or recording of any nature including, without limitation, statements, memoranda, letters, records, reports, transcripts, audio tape recordings, videotape recordings, motion pictures, photographs, diagrams, emails, faxes, or any computerized record.

3. The term "Identify" or "Identity" as used herein, with reference to an individual, requires You to state the individual's full name, last known home address, and if applicable, the name and address of his or her employer and job capacity, position or classification. When used with

7

reference to a corporation or other business entity, these terms require You to state the complete name and address of the corporation.

4. The phrase "Identify all Documents" or the phrase "Describe all Documents" as used herein requires you to state:

   a) the nature of the document (i.e., memorandum, letter, photograph, tape recording, email or other);

   b) identity of the individual who prepared the document;

   c) the date on which the document was prepared;

   d) where applicable (as for example in the case of a letter), the name and address of the individual and/or entity to whom the document was addressed or sent; and

   e) the identity of the individual who presently has possession, custody, or control of the document.

5. The term "Person" or "Persons" means any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership or other legal or business entity in whatever form.

6. The term "Representative" means any person acting or purporting to act on behalf of any other person.

7. With respect to any Document which is identified or described in your answers, please attach or supply to Plaintiff Halebian's counsel a legible copy of the Document.

8

8. If in answering any Interrogatory, You indicate that responsive information is supplied in a Document, please Identify the Document by bates label identification, and provide the precise location by page number or other reference as to where the relevant information is contained within the Document.

9. If in answering any Interrogatory, You indicate that the information is supplied in a Document to which a claim of privilege is asserted, please Identify the Document by bates label identification, and by providing the author, the known recipients, the date, the length of the Document and the general subject matter of the Document so as to identify the general nature of the Document without disclosing the privileged material.

10. If in answer to any Interrogatory it is indicated that the information is supplied in a preceding or succeeding Interrogatory, please identify the Interrogatory number and any applicable subsection to which reference is made.

## INTERROGATORIES

1. Identify the name, address, telephone number and title of any and all persons employed by or retained by Defendants who were involved with the application, underwriting and issuance of the Harleysville Worcester insurance policy at issue.

2. Identify the name, address and telephone number of any insurance agent, broker or other representative of any party that assisted Defendant in the application, underwriting and issuance of the Plaintiff's general commercial liability coverage from 2016 TO 2019.

3. Explain and identify what claim guidelines and/or policies were used to disclaim coverage under the First Count alleging claims for negligence, professional negligence, product liability, breach of warranty in the underlying matter.

4. Explain and identify what claim guidelines and/or policies were used to disclaim coverage under the Second Count alleging breach of implied warranty in the underlying matter.

5. Explain and identify what claim guidelines and/or policies were used to disclaim coverage for alleging breach of implied warranty in the underlying matter.

6. Explain and identify what claim guidelines and/or policies were used to disclaim coverage alleging product liability in the underlying matter.

10

7. Explain and identify what claim guidelines and/or policies were used to disclaim coverage alleging negligence in the underlying matter.

8. Identify all actions taken by Harleysville Worcester to provide coverage under the terms of its policy to plaintiff Halebian from the date it received notice of the claim until Harleysville Worcester's disclaimer of coverage.

9. Identify the name and address of all persons who supplied information in order to answer these interrogatories.

10. Identify any expert witnesses you intend to call as a witness at the time of trial, and provide a current curriculum vitae for all such expert witnesses and provide a list of all documents reviewed by any such expert in preparing any report or issuing any opinion.

11. Identify all witnesses you intend to call at the time of trial and provide the last known address and telephone number for each witness.

11

12. Identify all documents upon which you intend to rely at the time of trial.

### DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that in accordance with the R. 4:18-1 of the Rules Governing the Courts of the State of New Jersey, Plaintiff hereby requests that Defendants produce within thirty (30) days of receipt hereof, copies of the documents described herein and deliver same to the offices of **S. GREGORY MOSCARITOLO, L.L.C.**, 70 Grand Avenue, Suite 100, River Edge, New Jersey 07661.

### DEFINITIONS AND INSTRUCTIONS

A. These requests are intended to be continuing and you are instructed to make prompt, further and supplemental production whenever an additional document is discovered responsive hereto.

B. If any document called for by these requests is withheld on the ground that it is privileged, constitutes attorney work product, or is for any other reason exempt from discovery, set forth the ground or grounds for withholding such document, its present location and custodian and such additional information as may be required to enable it to be identified and to enable the

Court to adjudicate the propriety of the withholding, including but not limited to the type of documents, its date, author(s), addressee(s), if different its recipient(s), and its general subject matter.

C.  Documents produced in response to these requests shall be produced in such a manner so as to identify the specific request to which they relate.

D.  As used herein, the term "document" means, by way of illustration and not by way of limitation, the following items, whether printed or records or reproduced by any other mechanical process, written produced by hand, produced or stored in a computer, regardless of origin or location: books, records, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements,

licenses, books of account, orders invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, bank statements, bank passbooks, confirmations, statements of accounts, analysis, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phone-records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written or printed matter of any kind or any other and all other data compilations from which information can be obtained and translated if necessary.

E. As used herein, the term, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

F. As used herein, any term in the singular shall be deemed to include the plural where appropriate and vice versa.

G. As used herein, all terms including "and" and "or" shall be

14

construed either conjunctively or disjunctively as required by the context to include the response any document that might be deemed non-responsive by any other construction.

H.   As used herein, "communication" means any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, interview, conference, meeting or telephone conversation.

## DOCUMENTS TO BE PRODUCED

1. A complete copy of Halebian's application for insurance.

2. A complete copy of Halebian's underwriting file for the subject policy of insurance.

3. A complete copy of the claims investigation and/or SIU investigation file for the subject claim.

4. A complete copy of policy issued to Michael Halebian & Company, Inc. including the declaration pages and all separate endorsements.

5. Any and all written or recorded statements, as well as oral statements reduced to writing, of any and all other parties to this action.

6. Any and all written statements or oral statements reduced to writing of any/all witnesses to any aspects of the incident

15

complained of, as well as of any aspects of plaintiff's claims.

7. Copies of all videos, photographs, motion pictures, charts, sketches, illustrations, diagrams and/or pictures relating to the incident complained of, as well as any and all aspects of the plaintiff's claim.

8. Copies of any and all written reports and/or oral reports reduced to writing, which in any way concerns the subject incident, and/or any/all claims of the plaintiffs, made to/by a police official/department and/or any governmental authority.

9. Copies of all documents and any other information obtained through subpoenas, and/or medical authorizations signed by the plaintiff.

10. Any and all photographs, charts, drawings, motion pictures, videos and/or surveillance reports of the plaintiff.

11. Copy of the Curriculum Vitae of each proposed expert witness of defendants.

12. The name and address and title of each agent, servant and/or employee of plaintiff who was present during any/all examinations and/or interviews or any other aspects of defense of the plaintiff.

13. Clear and complete copies of any and all reports of any and all defense experts, whether or not intended to be called at the time of trial.

14. Any and all records, reports, and/or other documents upon

16

which either defendant will rely upon at the time of trial.

                              **S. GREGORY MOSCARITOLO, LLC**
                              *Attorneys for Plaintiff*
                              *Michael Halebian & Co., Inc.*

By: _____
      S. GREGORY MOSCARITOLO, ESQ.

Dated: July 22, 2021

17